**ORIGINAL**

# In the United States Court of Federal Claims
No. 16-441C

(Filed: September 20, 2016)

## (NOT TO BE PUBLISHED)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |
|---|---|
| **LAWRENCE MENDEZ, JR.,** | ) |
| **Plaintiff,** | ) |
| **v.** | ) |
| **UNITED STATES,** | ) |
| **Defendant.** | ) |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**FILED**

**SEP 2 0 2016**

U.S. COURT OF
FEDERAL CLAIMS

Lawrence Mendez, Jr., *pro se*, Oceanside, California.

Lauren S. Moore, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant.  With her on the briefs were Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Civil Division, Robert E. Kirschman, Jr., Director, and Deborah A. Bynum, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.  Of counsel was Lieutenant Peter T. Marx, United States Navy, Office of the Judge Advocate General, General Litigation Division, Washington, D.C.

## OPINION AND ORDER

LETTOW, Judge.

Plaintiff, Lawrence Mendez, Jr., seeks reinstatement, correction of his military records, consideration for promotion, and back pay under the Military Pay Act, 37 U.S.C. § 204.  Mr. Mendez was a First Lieutenant in the Marine Corps who was involuntarily separated from the Corps after being twice denied promotion to the rank of captain.  He alleges that his superiors improperly prepared a negative fitness report that was never corrected, which ultimately led to his termination.  His claims regarding the fitness report were previously brought before the Board for Correction of Naval Records ("Correction Board") and the Marine Corps Performance Evaluation Review Board ("Review Board"), and were adjudicated in this court, but no relief was granted.

Pending before the court are plaintiff's motion for judgment on the administrative record and government's motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the Court of Federal Claims ("RCFC").

## BACKGROUND

Mr. Mendez formerly served as an officer with the United States Marine Corps. Compl. ¶ 2. In September 2006, he became Adjutant of the 1st Battalion, 12th Marine Regiment, 3rd Marine Division, and his unit was deployed to Iraq in March 2007 as part of Operation Iraqi Freedom. Compl. ¶¶ 4-5. He was removed from duty in July 2007, and was subsequently issued a Marine Corps fitness report detailing his "unsatisfactory" performance from February 1, 2007 to July 28, 2007. *Mendez v. United States*, No. 11-160, 2014 WL 2772590, at *1 (Fed. Cl. June 18, 2014). In the fitness report, Mr. Mendez's performance was deemed deficient in several respects. *Id.* In accordance with Marine Corps protocol under Marine Corps Order P1610.7F, the report was then reviewed by a reviewing officer and by a third officer sighter. *Id.* Mr. Mendez made a rebuttal statement before each review, and the reviewers acknowledged and resolved areas of disagreement between the reports and plaintiff's statements. *Id.* at *1-2. Both the reviewing officer and the third officer sighter concluded that Mr. Mendez failed to perform the duties of his position adequately. *Id.*

On December 8, 2008, Mr. Mendez appealed the adverse fitness report and filed an Application for Correction of Military Record with the Correction Board. *Mendez*, 2014 WL 2772590, at *2. The Review Board first addressed this application and advised the Correction Board that the report was "administratively correct, procedurally complete, and fit to remain part of Mr. Mendez's record." *Id.* Mr. Mendez submitted a rebuttal to the Correction Board, claiming that the report was "untrue and unjust" and should be removed from his military record. *Id.* The Correction Board denied Mr. Mendez's removal request as well as his subsequent request for reconsideration. *Id.* Mr. Mendez was discharged from the Marine Corps in September 2010 after he was twice denied promotion to captain. *Id.*

On March 14, 2011, Mr. Mendez filed a complaint in this court for reinstatement, modification of his military record, and back pay, alleging that the preparation and review of the fitness report were procedurally defective. *Mendez v. United States*, 103 Fed. Cl. 370, 375 (2012). The court granted judgment on the administrative record for the United States on all but one issue. *See id.* at 378-84. The court determined that the third officer sighter failed to resolve a factual dispute between the reviewing officer's evaluation and plaintiff's rebuttal statement, and it remanded the case to the Correction Board "to reconsider plaintiff's application following a review of the aforementioned factual discrepancy." *Id.* at 384.

On remand, the Correction Board removed the factual discrepancy from Mr. Mendez's fitness report, and found that Mr. Mendez was still ineligible for promotion based on the modified report. *Mendez*, 2014 WL 2772590, at *2. In its post-remand decision on renewed cross-motions for judgment on the administrative record, the court upheld the Correction Board's decision to modify the report rather than remove it from Mr. Mendez's file in its entirety. *See Mendez v. United States*, 108 Fed. Cl. 350, 355, 357 (2012). The Federal Circuit affirmed the

2

court's decision. *See Mendez v. United States*, 540 Fed. Appx. 986 (Fed. Cir. 2013). Mr. Mendez then petitioned for panel rehearing, which was denied on October 25, 2013, and filed a petition for writ of certiorari, which was denied on February 24, 2014. *Mendez v. United States*, __ U.S. __, 134 S. Ct. 1281 (2014); *see also Mendez*, 2014 WL 2772590, at \*2. Thereafter, he filed a petition for reconsideration of this court's original decision, and that petition was dismissed on June 18, 2014, on the grounds that it was untimely in certain respects and otherwise failed to present evidence of extraordinary circumstances to justify relief under RCFC 60(b)(6). *Mendez*, 2014 WL 2772590. The Federal Circuit affirmed that decision, *Mendez v. United States*, 600 Fed. Appx. 731 (Fed. Cir. 2015), and the Supreme Court denied plaintiff's petition for writ of certiorari, *Mendez v. United States*, __ U.S. __, 136 S. Ct. 62 (2015).

On April 7, 2016, Mr. Mendez filed his current complaint in this court. He again seeks to have the negative fitness report removed from his military record, and also seeks reinstatement and reconsideration for promotion to the ranks of captain and major. Compl. at 11, ¶¶ 1-4. The complaint contains eight counts. The first count alleges that the reporting officials acted in an arbitrary and capricious manner in preparing the fitness report. Compl. ¶ 51. Counts Two through Six allege that the Correction Board acted in an arbitrary and capricious manner by failing to remove the fitness report from plaintiff's military record and by failing to convene a Special Selection Board to consider plaintiff for promotion. Compl. ¶¶ 53-61. Finally, Counts Seven and Eight allege that the court and the Federal Circuit erred in previously ruling against him, which "established a manifest injustice." Compl. ¶¶ 62-65.

## STANDARDS FOR DECISION

In any action, the plaintiff has the burden of establishing jurisdiction. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 747 (Fed. Cir. 1988). The Tucker Act grants this court "jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Act waives sovereign immunity, thus permitting a claimant to sue the United States for monetary damages. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). The Tucker Act itself does not provide a substantive right to monetary relief against the United States. *United States v. Testan*, 424 U.S. 392, 398 (1976); *see also Martinez v. United States*, 333 F.3d 1295, 1302-03 (Fed. Cir. 2003) (en banc). Rather, "[a] substantive right must be found in some other source of law." *Mitchell*, 463 U.S. at 216.

Under Rule 12(b)(6), the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court "must accept as true the complaint's undisputed factual allegations and should construe them in a light most favorable to the plaintiff." *Cambridge v. United States*, 558 F.3d 1331, 1335 (Fed. Cir. 2009) (citations omitted). A complaint may also be dismissed under Rule 12(b)(6) when it "indicate[s] the existence of an affirmative defense that will bar the award of any remedy." *Corrigan v. United States*, 82 Fed. Cl. 301, 304 (2008) (internal citations omitted). Res judicata and collateral estoppel are among the affirmative defenses that can properly be raised on a motion filed under Rule 12(b)(6). *Id.*

## ANALYSIS

Under the doctrine of res judicata (claim preclusion), "a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 327 n.5 (1979). To determine whether a current claim is barred by res judicata, the court applies a three-prong test: "whether (1) there is identity of parties (or their privies); (2) there has been an earlier final judgment on the merits of a claim; and (3) the second claim is based on the same set of transactional facts as the first." *Sikorsky Aircraft Corp. v. United States*, 122 Fed. Cl. 711, 720 (2015) (quoting *Nasalok Coating Corp. v. Nylok Corp.*, 522 F.3d 1320, 1324 (Fed. Cir. 2008)).

Each prong is met when this case is compared to Mr. Mendez's previous action before the court. First, the parties are identical in both actions. In both the original 2011 suit and this case, the parties are Mr. Mendez and the United States. Second, the court's decisions in 2012 before and after the remand to the Correction Board are final judgments on the merits. In both of those decisions, the court assessed the merits of Mr. Mendez's claims – specifically, whether he was entitled to the relief requested because of errors in the preparation and evaluation of the fitness report by his superior officers, the Review Board, and the Correction Board – and ruled against him. Finally, this suit and the previous suit both are based on the issuance and review of the negative fitness report and Mr. Mendez's subsequent termination from the Marine Corps. As all three factors are easily met, res judicata bars plaintiff's claims in this case. Mr. Mendez cannot have a second opportunity to relitigate his claims merely because he did not receive the relief he sought in the previous proceedings.

Additionally, in accord with the relaxed standard for interpreting complaints filed by *pro se* claimants, the court construes Counts Seven and Eight of plaintiff's complaint to be seeking relief from the final judgments of this court and the Federal Circuit pursuant to RCFC 60(b)(6).[1] In 2014, the court denied plaintiff's initial motion for relief from judgment under Rule 60(b), finding that he did not present "evidence of extraordinary circumstances to justify relief." *Mendez*, 2014 WL 2772590, at *4. Plaintiff exercised his right to appeal the denial, without success, but he has no further right to file a new motion raising the same matters. *See* 12 James Wm. Moore et al., *Moore's Federal Practice* § 60.69 (3d ed. 2012) ("A party may not simply file a second Rule 60(b) motion on the same grounds in lieu of an appeal."); *see also Latham v. Wells Fargo Bank*, 987 F.2d 1199, 1203-04 (5th Cir. 1993) ("[A]t least absent truly extraordinary circumstances . . . the basis for the second [Rule 60(b)] motion must be something other than that offered in the first."). Because plaintiff's claims essentially seek to restate the points raised in his original motion under Rule 60(b) without presenting any new evidence, they must be dismissed.

---

[1]RCFC 60(b)(6) provides in pertinent part: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . [including] (6) any other reason that justifies relief."

## CONCLUSION

For the reasons stated, the government's motion to dismiss pursuant to RCFC 12(b)(1) and 12(b)(6) is GRANTED, and plaintiff's motion for judgment on the administrative record is DENIED.[2]  The clerk shall enter judgment in accord with this disposition.

No costs.

It is so **ORDERED**.

_____
Charles F. Lettow
Judge

---

[2]The government also requests that the court require plaintiff to seek leave of court before filing any future complaints.  Def.'s Mot. to Dismiss at 8.  That request is DENIED.